MILES WASHINGTON, ESQ. CSB#88288
JOHN L. BURRIS, ESQ. CSB#69888
**LAW OFFICES OF JOHN L. BURRIS**
7677 Oakport Street, Suite 1120
Oakland, California 94621-1939
Tel: (510) 839-5200
Fax: (510) 839-3882

Attorneys for Plaintiffs
ELLIOTT J. NOBLE, through
his guardian ad litem,
Larrie R. Noble, Sr. and
MICHAEL HENRY, through his
guardian ad litem, Anna Wiley

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELLIOTT J. NOBLE, through his guardian ad litem, Larrie R. Noble, Sr.; and MICHAEL HENRY, through his guardian ad litem, Anna Wiley,

Plaintiffs,

vs

The CITY OF OAKLAND, California; RICHARD WORD, as Chief of Police for the CITY OF OAKLAND; MICHAEL YOELL, individually and in his capacity as a police officer for the CITY OF OAKLAND; DOES 1 - 50, inclusive,

Defendants.
_______________________________/

No. No. C04 1065 EDL

**COMPLAINT FOR DAMAGES**
**[CIVIL RIGHTS]**
**42 U.S.C. §1983**
**assault and battery**
**intimidation CC§ 52**
**(threats and duress)**
**intentional infliction of emotional distress;**
**negligent supervision;**
**negligence**

**JURY TRIAL DEMANDED**

JURISDICTION AND VENUE

1. This action arises under Title 42 U.S.C. §§ 1983, 1988 and California Code of Civil Procedure §§ 43 and 52.1.

Jurisdiction is conferred upon this Court by Title 28 U.S.C. §§ 1331 (federal question) and 1343(3) (civil rights). Venue lies in the this District, the judicial district in which the claim arose, pursuant to 28 U.S.C. § 1391(b). Plaintiff asks the Court to exercise jurisdiction over pendent state causes of action.

PARTIES

2. Plaintiffs ELLIOTT J. NOBLE and MICHAEL HENRY (hereinafter referred to as "Plaintiffs", "Noble" or "Henry") are minors represented by competent adults, citizens of the United States and residents of the City of Oakland, California.

3. Defendant CITY OF OAKLAND, California (hereinafter referred to as "CITY") is a legal and political entity, a municipal corporation, established under the laws of the State of California and its Charter with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected City Council and/or its agents and officers. The Oakland Police Department is a public agency within defendant CITY OF OAKLAND. Defendant CITY OF OAKLAND is subject to suit within the meaning of 42 U.S.C. § 1983 under Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

4. Defendant RICHARD WORD (hereinafter referred to as "WORD") was, at the times relevant hereto, the Chief of Police for the CITY OF OAKLAND, and in such capacity was responsible for, among other things, the employment, discharge, training,

supervision, control, assignment and discipline of all sworn and civilian personnel of the Oakland Police Department, and the formulation, promulgation, adoption, application, implementation, administration, enforcement and revocation of the policies and practices of the Oakland Police Department. He is sued individually and in his official capacity.

5. Defendant MICHAEL YOELL was, at all times relevant hereto, employed as a police officer for the CITY OF OAKLAND. Defendant YOELL is sued as an individual as well as in his official capacity as a police officer for the CITY OF OAKLAND.

6. Plaintiff is ignorant of the true names and capacities of defendants DOES 1 through 50, and therefore sues these defendants by such fictitious names. Upon ascertaining the true identity of a defendant DOE, plaintiff will amend this complaint or seek leave to do so by inserting the true name of such "DOE" defendant. Plaintiff is informed and believes and alleges that each DOE defendant is responsible in some manner for the injuries and damages set forth here.

7. At all times mentioned, each named and DOE defendant was the agent, employee or otherwise a co-venturer of the CITY OF OAKLAND, and in doing the things alleged, was acting under the color of state law and within the course and scope of the agency or employment and with the actual or implied permission, consent, and approval of the CITY OF OAKLAND.

## STATEMENT OF FACTS

### General Allegations re Policy and Practice

8. Plaintiff is informed and believe, and on the basis of such information and belief alleges, that defendants CITY OF OAKLAND and Chief of Police RICHARD WORD, with deliberate indifference, gross negligence, and reckless disregard to the safety, security and constitutional and statutory rights of the plaintiff and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in and applied policies, practices or customs of, among other things,

a. Subjecting citizens to unreasonable uses of force, unlawful searches and seizures within the meaning of the Constitution of the United States of America, and abuses of the police power against their persons;

b. Selecting, retaining and assigning officers with demonstrable propensities for unlawful use of force, violence and intimidation, and other misconduct;

c. Failing to adequately train, supervise and control officers in the arts of law enforcement;

d. Failing to adequately discipline officers involved in misconduct;

e. Condoning and encouraging officers in the belief that they can violate the rights of persons such as the plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

9. Plaintiff is informed and believe, and on the basis of such information and belief alleges, that defendant CITY OF OAKLAND, through its Chief of Police RICHARD WORD authorized, acquiesced in, tolerated or permitted the defendants to engage in the unlawful actions, policies, practices and customs set forth in the foregoing paragraph. Defendants' conduct as alleged constitutes a pattern of constitutional violations reflective of a deliberate plan and/or defendants' deliberate indifference, gross negligence or reckless disregard for the safety, security and constitutional and statutory rights of plaintiffs.

## Incidents and General Facts

10. On the evening of June 10, 2003, MICHAEL HENRY was conversing and associating with friends at the mini-mart at the Chevron gas station at 98th Avenue and Edes in Oakland. He was called across the street by the occupants of a car and thought they were asking for directions. In fact, a passenger in the car asked him is he could help them obtain drugs and asked him if he knew a man named "Clyde". HENRY replied in the negative as to both inquiries and started back across the street. A green minivan sped towards him and several police officers got out. Scared, he began to run and saw another vehicle, which was later determined to be an unmarked police car driven by Oakland police Lieutenant MICHAEL YOELL. HENRY stopped due to his awareness that he was bracketed by police officers from the minivan and the car being driven by YOELL. Although HENRY was

stopped, YOELL, with no apparent justification, veered his car towards HENRY, jumped a curb and accelerated into HENRY with the result that HENRY was propelled through the air, landing on his head against a curb. He was rendered unconscious. When he regained consciousness, HENRY was handcuffed and an officer was choking him and yelling at him to "cough it up". HENRY had nothing to "cough up". He was taken to Highland Hospital and later released.

11. Plaintiff ELLIOTT J. NOBLE was two blocks away from the site of the arrest of HENRY when a friend told him HENRY had been hit by a police car and seemed not to be breathing. NOBLE arrived at HENRY'S location and was given permission to approach HENRY to determine his well-being. NOBLE had a camera in his possession and when he saw HENRY in handcuffs, he took a picture. He began to take additional pictures, and as he took a picture of the officers present, he was shoved by an agent, who confiscated his camera. Other officers were pushing him and when he asked for their badge numbers, they told him he was going to jail for being a "smart ass". Officers seized him, pulled his hair, choked him and grabbed his genitals. When he tried to call for help and to provide a phone number for his parents, one officer tried to gag him and officers, including YOELL, began yelling out random numbers to cover up ELLIOTT's attempt to have his parents called by telephone. He was held in a police car but was released without charges to his parents at the scene.

12. Plaintiffs are informed and believe, and thereupon allege, that YOELL has a history, well known to the executive staff of the Oakland Police Department, including defendant RICHARD WORD, of using excessive force and being abusive to members of the public. The Oakland Police Department condones his conduct and in fact have rewarded his aggressive excess by promoting him to the senior supervisory rank of Lieutenant.

DAMAGES

13. As a direct and proximate result of defendants' conduct, Plaintiffs have been intimidated and are fearful for their continued well-being. They experience sleeplessness and physical and emotional distress.

14. As a further proximate result of defendants' conduct, Plaintiffs found it necessary to engage the services of private counsel to vindicate their legal rights. Therefore, Plaintiffs are entitled to an award of attorney's fees and costs incurred in relation to this action for violation of their federal and state civil rights.

15. The conduct of defendants was malicious, wanton, and oppressive and justifies an award of punitive damages against each defendant police officer found to be directly involved in the misconduct and those who participated in or ratified the spoliation, fabrication and falsification of evidence which Plaintiffs allege occurred. Plaintiffs are therefore entitled to an award of punitive damages against those defendant police

officers.

16. Each of the above paragraphs is incorporated by reference into each of the following causes of action.

FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)
(Against named defendant officers and DOES 1 through 50)

17. In doing the acts complained of here, named defendant officers and those sued as "DOE" acted under color of law to deprive Plaintiffs of their constitutionally protected rights, including but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the fourth Amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the fifth and fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of unreasonable force by police officers, which is guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the fourteenth Amendment to the United States Constitution; and

e. The right to be free from interferences with the zone of privacy, as protected by the fourth and fourteenth

Amendments to the United States Constitution.

18. The defendants' wrongful conduct, which, as described above, was intentional, malicious and reckless, Plaintiffs have sustained injuries and damages.

Wherefore, Plaintiffs pray for relief as set forth below.

SECOND CAUSE OF ACTION
(42 U.S.C. § 1983)
Monell v. Dept. of Social Services
(Against defendants CITY OF OAKLAND, RICHARD WORD and supervisory DOE defendants)

19. The CITY OF OAKLAND and RICHARD WORD, Chief of Police for the CITY OF OAKLAND, through their subordinate supervisory officials and employees, including defendants sued as "DOE", failed to reasonably screen and supervise officers in that they knew, or should have known that the officers were deployed in a manner conducive of abuse of authority and without adequate monitoring procedures and that similar incidents had occurred with sufficient frequency that the supervisory officials sued herein were on notice of a need for heightened scrutiny of officers so deployed. The defendants' failure to reasonably supervise and discipline YOELL and other such officers, and their failure in this instance to conduct more than a sham investigation into the complaints of Plaintiffs, represents deliberate indifference to the rights of citizens.

20. This lack of adequate supervision and discipline by defendants, and refusal to investigate claims of misconduct demonstrates the existence of an informal custom or policy that

tolerates and promotes the continuing abuse of police powers by Oakland police officers.

21. By the foregoing, defendants CITY OF OAKLAND, RICHARD WORD and supervisory DOE defendants demonstrated a deliberate indifference to a pattern of constitutional violations, through failing to take necessary, appropriate, or adequate measures to supervise and discipline CITY OF OAKLAND police officers and by retaining officers who have carried out these constitutional violations.

22. As a proximate result of defendants' wrongful conduct, Plaintiff suffered damages as set forth above.

Wherefore, Plaintiffs pray for relief as set forth below.

THIRD CAUSE OF ACTION
(Assault)
(Against named defendant officers and DOES 1 through 50)

23. The defendant officers placed Plaintiffs in immediate fear of severe bodily harm and made use of verbal intimidation, involuntary confinement, and use of force and threats of harm against plaintiffs.

24. Defendants' conduct was neither privileged nor justified under statute or common law.

25. As a proximate result of defendants' wrongful conduct, Plaintiff suffered the Damages set forth above.

Wherefore, Plaintiffs pray for relief as set forth below.

FOURTH CAUSE OF ACTION
(Battery)
(Against named defendant officers
and DOES 1 through 50)

26. The defendant officers wilfully and intentionally each used their hands, arms and legs to shove, press, choke and injure Plaintiffs. YOELL intentionally injured HENRY with his patrol car and assisted other defendants in their battery of HENRY.

27. In doing the acts alleged herein, defendants intended to, and did, engage in offensive and harmful contact which did, in fact, result in harm to Plaintiffs.

28. At no time did Plaintiffs consent to any of the acts of the defendants described herein.

Wherefore, Plaintiffs pray for relief as set forth below.

FIFTH CAUSE OF ACTION
(Cal. Civ. Code §52.1)
(Against named defendant officers
and DOES 1 through 50)

29. Defendants, by coercion, threats and intimidation because of their race, interfered with Plaintiffs' exercise and enjoyment of rights secured by the Constitution and laws of the United States and by the Constitution and laws of the State of California, including the right of privacy and the right to be free from the unjustified use of force under color of law and the denial of due process of law by the use of unreasonable and unjustified use of threats of force and arrest and wrongful conduct thereafter as alleged, all without provocation and in

violation of Plaintiffs' constitutional and civil rights, to Plaintiffs' damage as hereinabove alleged.

30. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiffs. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

Wherefore, Plaintiffs pray for relief as set forth below.

SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against named defendant officers
and DOES 1 through 50)

31. By their conduct, as alleged above, defendants intentionally or in reckless disregard of the consequences to Plaintiffs, proximately caused them to suffer great emotional distress and trauma. The injury to Plaintiffs by the conduct of the defendants mentioned here in committing battery, making threats, and intimidating these Plaintiffs was foreseeable.

32. The conduct of defendant police officers as set forth here, was and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

33. As a proximate result of defendants' intentional and malicious conduct, Plaintiffs' suffered severe mental distress and suffered damages as set forth in the Damages section above.

Wherefore, Plaintiffs pray for relief as set forth below.

SEVENTH CAUSE OF ACTION
(Negligence)
(Against CITY OF OAKLAND, named defendant officers and DOES 1 through 50)

34. At all times here mentioned, defendants were subject to a duty of care to avoid causing unnecessary physical harm and distress to citizens in the exercise of the police function. The conduct of defendants, as set forth here, did not comply with the standard of care to be exercised by a reasonable municipality and police officers, proximately causing Plaintiffs to suffer damages as set forth above.

Wherefore, Plaintiffs pray for relief as set forth below.

EIGHTH CAUSE OF ACTION
(Negligent Employment)
(Against defendants CITY OF OAKLAND, and supervisory DOE defendants)

35. The CITY OF OAKLAND and RICHARD WORD and supervisory officers, sued herein as "Doe", have a mandatory duty of care to properly and adequately select, train, retain, supervise, and discipline officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, they failed to take necessary, appropriate or adequate measures to prevent the

violation of plaintiffs' rights. They breached their duty of care to citizens in that they maintain inadequate practices regarding screening officers for assignment, identifying unstable officers and monitoring officers deployed in assignments which carry a high risk of abuse of police powers.

36. This lack of adequate employment, supervision, and discipline by defendants demonstrates the existence of an informal custom or policy that tolerates and promotes the continuing abuse of the police power by Oakland police officers.

37. As a proximate result of defendants' wrongful conduct, Plaintiff suffered damages as set forth above.

Wherefore, Plaintiffs pray for relief as set forth below.

## CLAIM REQUIREMENT

38. For state causes of action plaintiffs are required to fulfill an administrative claim requirement. Plaintiffs have complied with all applicable requirements.

## **DEMAND FOR JURY TRIAL**

39. Plaintiffs demand a trial by jury.

**WHEREFORE,** plaintiff prays judgment as follows:

(a) Compensatory general and special damages in accordance with proof but no less than $500,000.00 for each

plaintiff;

(b) Reasonable attorneys' fees and expenses of litigation;

(c) Costs of suit necessarily incurred herein; and

(d) Exemplary damages against the individual defendants in an amount sufficient to deter future misconduct.

(e) Such further relief as the Court deems just or proper.

Dated: March 16, 2004 LAW OFFICES OF JOHN L. BURRIS

By: /S/

Miles Washington